IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 20, 2025

**STATE OF TENNESSEE v. TIMOTHY AARON BAXTER**

**Appeal from the Circuit Court for Madison County**
**No. C-24-157          Donald H. Allen, Judge**

_____

**No. W2024-01077-CCA-R3-CD**

_____

Timothy Aaron Baxter, Defendant, appeals from the summary denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. Because Defendant failed to attach a copy of each judgment order at issue, we affirm the summary denial of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, and MATTHEW J. WILSON, JJ., joined.

Timothy A. Baxter, Mountain City, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Caroline Weldon, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was convicted of felony failure to appear and sentenced to six years. *State v. Baxter*, No. W2012-02555-CCA-R3-CD, 2014 WL 29102, at *1 (Tenn. Crim. App. Jan. 3, 2014), *perm. app. denied* (Tenn. May 29, 2014).

In June of 2024, Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant claimed that his sentence was "excessive" and relied on a "faulty pre-sentence report" that indicated his prior sentences were still in effect when "[t]hey simply were not." Defendant insisted his prior sentences had expired and therefore, his sentence was illegal. Additionally, Defendant argued that

the trial court erred by not considering the "merger rule" for purposes of determining his number of prior convictions. Finally, Defendant contended that the trial court's order to serve the sentence consecutively "failed to consider extreme mitigating factor" and was therefore illegal and void.

The trial court summarily dismissed the motion, finding Defendant's sentence was "within the range of punishment and is not illegal." Defendant appeals.

*Analysis*

On appeal, Defendant argues that the trial court failed to appoint counsel and hold an evidentiary hearing when the fatal sentencing errors were clear from the face of the record, that the trial court erred by ignoring the "merger rule" and sentencing Defendant as a career offender, and that the trial court erred by ordering consecutive sentencing. Specifically, Defendant argues that the trial court erred by finding "two prior cases" were still in effect when the felony evading arrest charges arose. The State argues that the record is inadequate for review and that this Court must presume the ruling of the trial court is correct. In the alternative, the State argues that Defendant failed to state a colorable claim and that we should affirm the judgment of the trial court.

Tennessee Rule of Criminal Procedure 36.1(a)(1) provides that a defendant or the State "may seek to correct an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Only fatal errors, which include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses," render a defendant's sentence illegal. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015) (citing *Cantrell v. Easterling*, 346 S.W.3d 445, 448-49 (Tenn. 2011)).

Pursuant to Tennessee Rule of Criminal Procedure 36.1(a)(1), "[t]he movant must attach to the motion a copy of each judgment order at issue and may attach other relevant documents." Here, Defendant failed to attach a copy of the judgment orders at issue, namely the "two prior cases" he references that the trial court allegedly used to "enhance" his sentence erroneously or any transcripts from the sentencing hearing or hearings at which he claims the illegal sentence was imposed. It is the duty of the appellant to prepare a record that is adequate for this Court's review. Tenn. R. App. P. 24(a). Moreover, in the context of a motion filed pursuant to Rule 36.1, the failure to attach the appropriate judgment forms alone forms a sufficient basis for this Court to affirm the trial court's summary denial of Defendant's motion. *See State v. Smith*, No. W2020-01596-CCA-R3-CD, 2021 WL 4932496, at *2 (Tenn. Crim. App. Oct. 22, 2021). Defendant did not respond

to the State's argument by supplementing the record or filing a reply brief. Defendant is not entitled to relief on this issue.

In any event, even if taken as true, Defendant fails to state a colorable claim for relief. His sentence was imposed pursuant to a statutory scheme that was provided by the offense and did not impose a prohibited release eligibility date or statutorily required consecutive sentencing. *See Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (explaining the limited examples of illegal sentences). Further, despite Defendant's denial that he was serving two other sentences at the time he failed to appear, the record belies his claim. The trial court observed that the sentence was to run "consecutive" to Madison County cases "#11-250, #01-915, and 01-792." The judgment form for failure to appear confirms as much. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 3 -